IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALANA GREEN and JAMES GREEN ) | |
| ) | |
| v. ) | NO: 3:19-cv-0833 |
| ) | |
| BEL HENDERSONVILLE, LLC and ) | |
| PROPERTY COMPANY ) | |

**TO:** Honorable William L. Campbell, Jr., District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court and, for the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

## I. Background

This case was commenced by a notice of removal from the Sumner County Circuit Court on September 20, 2019. (Docket No. 1.) An initial case management conference was set for December 3, 2019. (Docket No. 6.) On November 25, 2019, Plaintiffs' counsel moved to withdraw. (Docket No. 9.) Plaintiffs' counsel of record appeared on that date and provided to the Court a copy of the correspondence sent to Plaintiffs advising them of his intention to withdraw. The Court therefore granted the motion to withdraw by order entered on December 4, 2019. (Docket No. 12 at 1.) In that same order, Plaintiffs were given until January 15, 2020 to either retain new counsel or be treated as *pro* se parties. (*Id.*)

The December 4 order also reset the initial case management conference for February 6, 2020, and instructed Plaintiffs that if they elected to proceed *pro se*, they had to appear for the initial case management conference. (*Id*. at 2.) The December 4 order further cautioned Plaintiffs that, although they might be allowed some indulgences as pro se parties, they would still be expected to follow the same rules that govern other litigants. (*Id*. at n.2.) A copy of the December 4 order was mailed to Plaintiffs, and there is no indication that it was not received by them.

## II. Legal Standards and Discussion

*Pro se* parties are entitled to some indulgences. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and "*pro se* parties must follow the same rules of procedure that govern other litigants," *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also*, *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt him from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules").

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the Court to, on its own, "issue any just orders" for either a party's failure to appear at a scheduling or other pretrial conference or that party's failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (C). Among the orders the Court is authorized to issue is one dismissing the action under Rule 37(b)(2)(A)(v). *Id*.

Plaintiffs failed to appear for the initial case management conference on February 6, despite having been instructed to appear by the Court's December 4 order. Defendants' counsel, however, appeared, and he also prepared and filed a proposed initial case management order. (Docket No. 15.)[1] Plaintiffs' failure to appear falls within the scope of Rule 16(f)(1)(A) and (C) for which this Court may issue any just order. The Court finds that, given the time and expense resulting to Defendants from Plaintiffs' inability or unwillingness to prosecute this case, the interests of justice are best served by dismissal of this action without prejudice.[2]

### III. Recommendation

Based on the foregoing, it is respectfully RECOMMENDED that this case be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections

---

[1] Defendants' counsel also previously appeared at the December 3 initial case management conference. *See* Docket No. 12 at 1.

[2] This report and recommendation puts Plaintiffs on notice of the Court's intention to dismiss this case without prejudice, thus affording them an additional opportunity to show cause for their failure to appear and to demonstrate that this case should be permitted to proceed. If Plaintiffs intend to proceed with this case they must file a timely objection to this report and recommendation; otherwise, this case may be dismissed.

must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge